KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
LIAM BROWN - # 347518
liambrown@keker.com
CATHERINA Y. XU - # 360205
cxu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant SPINX GAMES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CUSTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>SPINX GAMES, LTD.,<br><br>        Defendant. | Case No. 3:26-cv-01010-VC<br><br>**DEFENDANT SPINX'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     July 16, 2026<br>Time:    10:00 a.m.<br>Dept.:   Courtroom 3, 17th Floor<br>Judge:  Hon. Vince Chhabria<br><br>Date Filed: February 2, 2026<br><br>Trial Date:  Not yet set |

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...............................................................................................................1

II.    BACKGROUND ...............................................................................................................2

III.   LEGAL STANDARD.........................................................................................................3

IV.    ARGUMENT.....................................................................................................................3

     A.     California public policy bars Plaintiff's effort to recover alleged gambling losses. .........................................................................................................................3

          1.     The Complaint is an effort to recover alleged gambling losses..................4

          2.     California public policy bars recovery of gambling losses.........................5

     B.     Plaintiff's UCL claim fails..................................................................................7

          1.     The unlawful-prong theory fails. ..............................................................7

          2.     The unfair-prong theory fails.....................................................................8

          3.     The fraudulent-prong theory fails. .............................................................9

     C.     Plaintiff's CLRA claim fails. .................................................................................10

          1.     Plaintiff does not allege a transaction involving "goods" or "services." ..................................................................................................10

          2.     The CLRA claim also fails because it does not meet Rule 9's requirements.............................................................................................11

          3.     Plaintiff lacks standing to seek injunctive relief under the CLRA. ...........12

     D.     Plaintiff's Penal Code section 496(c) claim fails...................................................12

     E.     Plaintiff's unjust-enrichment claim fails................................................................14

V.     CONCLUSION................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abuelhawa v. Santa Clara Univ.*,
 529 F. Supp. 3d 1059 (N.D. Cal. 2021) ....................................................................14

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................3, 9

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)....................................................................................................3

*Boulton v. Am. Transfer Servs., Inc.*,
 2015 WL 2097807 (S.D. Cal. May 5, 2015)...........................................................13

*Brodsky v. Apple Inc.*,
 445 F. Supp. 3d 110 (N.D. Cal. 2020) ....................................................................14

*Caldwell v. Nordic Nats., Inc.*,
 709 F. Supp. 3d 889 (N.D. Cal. 2024) ....................................................................12

*Colvin v. Roblox Corp.*,
 725 F. Supp. 3d 1018 (N.D. Cal. 2024) .............................................................10, 12

*Davis v. HSBC Bank Nev., N.A.*,
 691 F.3d 1152 (9th Cir. 2012) ...................................................................................7

*Doe v. CVS Pharmacy, Inc.*,
 982 F.3d 1204 (9th Cir. 2020) ...................................................................................8

*ESG Capital Partners, LP v. Stratos*,
 828 F.3d 1023 (9th Cir. 2016) .................................................................................14

*Ferrington v. McAfee, Inc.*,
 No. 10–cv–01455–LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010)..................11

*Hadley v. Kellogg Sales Co.*,
 243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..................................................................7, 8

*Hang Ngoc Lam v. Hawaiian Gardens Casino*,
 No. 19-cv-3989-DMG, 2020 WL 806655 (C.D. Cal. Jan. 8, 2020) ..........................6

*Hodsdon v. Mars, Inc.*,
 162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ..........9

*In re iPhone Application Litig.*,
 844 F. Supp. 2d 1040 (N.D. Cal. 2012) ..................................................................11

*Jamgotchian v. Sci. Games Corp.*,
    371 F. App'x 812 (9th Cir. 2010) ...................................................................................6

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .............................................................................3, 9, 11

*Mason v. Mach. Zone, Inc.*,
    140 F. Supp. 3d 457 (D. Md. 2015), *aff'd*, 851 F.3d 315 (4th Cir. 2017) ................................6

*May v. Google LLC*,
    No. 24-cv-01314-BLF, 2026 WL 788376 ...............................................................................13

*Mayfield v. United States*,
    599 F.3d 964 (9th Cir. 2010) ...................................................................................12

*Ochoa v. Zeroo Gravity Games LLC*,
    No. 22-cv-5896-GW, 2023 WL 4291650 (C.D. Cal. May 24, 2023)................................5, 6, 8

*Patterson v. RW Direct, Inc.*,
    382 F. Supp. 3d 938 (N.D. Cal. 2019) (Chhabria, J.) ...................................................8

R*eeves v. Niantic, Inc.*,
    21-cv-05883-VC, 2022 WL 1769119 (N.D. Cal. May 31, 2022)......................................10, 11

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)...................................................................................12

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................................................3

*Torres v. Botanic Tonics, LLC*,
    709 F. Supp. 3d 856 (N.D. Cal. 2023) (Chhabria, J.) ...................................................8

*V.R. v. Roblox Corp.*,
    No. 23-15216, 2023 WL 8821300 (9th Cir. Dec. 21, 2023) (unpublished)............................12

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...................................................................................3

**State Cases**

*Kelly v. First Astri Corp.*,
    72 Cal. App. 4th 462 (1999) ..................................................................................... *passim*

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ...................................................................................14

*RSB Vineyards, LLC v. Orsi*,
    15 Cal. App. 5th 1089 (2017) ...................................................................................13

*Rutherford Holdings, LLC v. Plaza Del Rey*,
   223 Cal. App. 4th 221 (2014) ...................................................................................................14

*Siry Inv., L.P. v. Farkhondehpour*,
   13 Cal. 5th 333 (2022) ..............................................................................................................13

*Tak Chun Gaming Promotion Co. Ltd. v. Long*,
   96 Cal. App. 5th 1027 (2023) .....................................................................................................6

**State Statutes**

Cal. Civ. Code § 1761(a)-(b) ........................................................................................................10

Cal. Civ. Code § 1770(a) ..............................................................................................................10

Penal Code § 496(c).............................................................................................................. *passim*

**Rules**

Rule 8 ...............................................................................................................................9, 10, 11, 12

Rule 9(b) ................................................................................................................................ *passim*

Rule 12(b)(6)...................................................................................................................................14

**Other Authorities**

CALCRIM No. 1750 ......................................................................................................................13

*Proposition 26*, Legislative Analyst's Office (Nov. 8, 2022),
   https://lao.ca.gov/BallotAnalysis/Proposition?number=26&year=2022 ...................................6

*Proposition 26, Legalize Sports Betting on American Indian Lands Initiative*,
   BallotPedia (2022),
   https://ballotpedia.org/California_Proposition_26,_Legalize_Sports_Betting_o
   n_American_Indian_Lands_Initiative_(2022)............................................................................13

6042723

**SPINX'S NOTICE OF MOTION AND MOTION TO DISMISS**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 16, 2026, at 10:00 a.m., before the Honorable Vince Chhabria in Courtroom 3, on the 17th Floor of the Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, Defendant SpinX Games, Ltd. ("SpinX"), will and hereby does move to dismiss the complaint filed by Plaintiff Jesse Custer in its entirety for failure to state a claim under Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6).

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file or to be filed in this action, the arguments of counsel, and any other matters properly before the Court.

SpinX has concurrently filed a motion to compel arbitration based on Plaintiff's agreement with SpinX. SpinX files the present motion to dismiss to preserve its rights, but the Court should resolve the issue of arbitrability before addressing this Motion.

Dated:  May 18, 2026                                   KEKER, VAN NEST & PETERS LLP

                                        By:   */s/ Matan Shacham*
                                              MICHELLE YBARRA
                                              MATAN SHACHAM
                                              TRAVIS SILVA
                                              LIAM BROWN
                                              CATHERINA Y. XU

                                              Attorneys for Defendant SPINX GAMES, LTD.

## I.    INTRODUCTION

Plaintiff Jesse Custer filed this putative class action on the theory that SpinX's mobile game apps are an unlawful gambling platform.  According to the Complaint, SpinX sells virtual "coins" to users, accepts those same coins as wagers on chance-based games, and profits when users lose.  Plaintiff alleges that he created an account, used his free coins, purchased additional coins, wagered those coins, and lost all or substantially all of them.  In other words, Plaintiff seeks to recover money tied to alleged gambling losses.  Even accepting those allegations as true for purposes of this motion, the Complaint is barred at the threshold.

California public policy bars any plaintiff from recovering gambling losses.  Plaintiff cannot use this Court to recover, restore, rescind, or disgorge money tied to alleged gambling losses.  That is true whether Plaintiff seeks that money through the UCL, Penal Code section 496(c), or unjust enrichment.  If the challenged transactions were unlawful gambling, *Kelly v. First Astri Corp.*, 72 Cal. App. 4th 462 (1999), and its progeny bar Plaintiff from using the judiciary to recover his losses.  If they were not, the Complaint's core theory that SpinX operated an unlawful gambling platform fails.

Moreover, each of Plaintiff's claims fail for standalone reasons.  Plaintiff's lead claim is his UCL claim.  Plaintiff's unlawful-prong allegations sound in a gambling loss-recovery theory and are therefore barred by public policy.  The unfair-prong allegations are conclusory and mere repetition of the defective unlawful- and fraudulent-prong allegations.  The fraudulent-prong theory identifies no specific statement, omission, exposure, or reliance and is therefore inadequately pleaded.

Plaintiff's CLRA claim fails for three independent reasons.  First, the alleged purchase of virtual coins for use in mobile game apps is not a transaction for "goods" or "services" under the CLRA, as this Court has already held in materially indistinguishable circumstances.  Second, the CLRA claim sounds in fraud and therefore must be pleaded under Rule 9.  However, Plaintiff identifies no specific advertisement, representation, omission, or reliance theory, thus failing to meet Rule 9's standard.  Third, Plaintiff seeks only injunctive relief under the CLRA, yet Plaintiffs fails to allege any ongoing use of SpinX's games.  This claim therefore fails for lack of

1

Article III standing.

Plaintiff's Penal Code section 496(c) claim fails because Plaintiff does not plead a theft offense.  The Complaint alleges that Plaintiff purchased coins and lost them through gameplay; it does not plead stolen property, actual knowledge, or criminal intent.  Nor does it identify the false pretense or reliance required to transform an alleged gambling loss into a treble-damages theft claim.

Finally, Plaintiff's unjust enrichment claim is not cognizable.  California does not recognize unjust enrichment as a standalone cause of action, and construing Count IV as quasi-contract does not help Plaintiff because the claim is the same gambling-loss theory barred by California public policy.

Because Plaintiff agreed to arbitrate with SpinX, the Court should grant SpinX's concurrently-filed motion to compel arbitration, which would moot this motion.  But if the Court does not compel arbitration, it should dismiss the Complaint for failing to state a claim upon which relief can be granted.

## II.    BACKGROUND[1]

SpinX operates mobile game apps that use virtual "coins" to play casino-style games.  The games are free to play.  SpinX earns revenues through in-app purchases.  SpinX's virtual coins are non-exchangeable and non-transferrable; they have no value outside the game environment.

The Complaint alleges that SpinX users can create accounts, receive periodic allotments of free coins, purchase additional coins, and use coins to continue gameplay, win additional coins, or unlock additional game features.  Dkt. 1 ("Compl.") ¶¶ 23, 25-31.  Plaintiff alleges he created an account, used his free allotments of coins, purchased additional coins, continued using those purchased coins in the apps, and lost all or substantially all of them during the four-year period preceding this action.  *Id.* ¶¶ 36-38.

Plaintiff filed this lawsuit on behalf of a putative class of California residents who allegedly purchased, used, and lost coins on SpinX's apps during the four years before the

---

[1] SpinX accepts these allegations as true only for purposes of this motion to dismiss.  SpinX disputes the allegations and reserves all rights to contest them in this case and in arbitration.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

Complaint was filed. *Id.* ¶ 43. Through his UCL claim, Plaintiff alleges unlawful, unfair, and deceptive business practices and seeks restitution, rescission, disgorgement, injunctive relief, and attorneys' fees. *Id.* ¶¶ 49-63. Through his CLRA claim, Plaintiff alleges manipulation, deception, and misleading advertising; although he alleges damages and reserves the right to seek them later, he states that, "[a]s to this cause of action, at this time, Plaintiff seeks only injunctive relief." *Id.* ¶¶ 64-74. Through his Penal Code section 496(c) claim, Plaintiff alleges false pretenses and seeks treble damages and attorneys' fees. *Id.* ¶¶ 75-79. Through his unjust-enrichment claim, Plaintiff alleges that he and the putative class paid money to purchase coins and seeks disgorgement of money SpinX allegedly retained from the challenged conduct. *Id.* ¶¶ 80-85.

## III.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[L]abels and conclusions, and a formulaic recitation of the elements" are insufficient. *Id.* at 555. Therefore, allegations that are "no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Claims sounding in fraud are subject to Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). That includes UCL and CLRA claims to the extent they are grounded in alleged fraudulent conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009). To satisfy Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *Vess*, 317 F.3d at 1106; *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("Under Rule 9(b), a plaintiff must proffer "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." (citation modified)).

## IV.    ARGUMENT

### A.    California public policy bars Plaintiff's effort to recover alleged gambling losses.

The gravamen of Plaintiff's case is Plaintiff's allegations that SpinX sold coins for use as wagers on an unlawful gambling platform, accepted those coins back as wagers, and retained

3

money when Plaintiff and the putative class lost. Those allegations run afoul of California's longstanding prohibition on suing in court to recover gambling losses. The Court should therefore dismiss the UCL claim (Count I), Penal Code section 496(c) claim (Count III), and unjust-enrichment claim (Count IV) to the extent they seek recovery, rescission, restitution, disgorgement, or damages tied to alleged gambling losses.

### 1.    The Complaint is an effort to recover alleged gambling losses.

The Complaint announces its theory at the outset: this is a lawsuit "against Defendant SpinX Games, Ltd. for engaging in an illegal gambling scheme." Compl. ¶ 1. The Introduction defines SpinX's apps as the "SpinX Gambling Platform," alleges that SpinX sells digital coins to consumers and accepts those coins back "as wagers," and claims that Plaintiff and other California residents lost money "buying and placing wagers with coins" on that platform. *Id.* ¶¶ 1-4.

The Complaint repeats that gambling theory throughout. Its jurisdiction and venue allegations assert that SpinX accepted "wagers" from California residents and collected revenue from their losses. *Id.* ¶ 8. It then spends ten paragraphs cataloguing gambling statutes and regulations that Plaintiff says prohibit SpinX's conduct. *Id.* ¶¶ 9-18. Plaintiff alleges that users spend money to purchase coins, gamble with those coins on chance-based games, receive free coins, purchase more coins after losing them, and continue wagering on the games. *Id.* ¶¶ 23-32. Plaintiff's own allegations follow the same pattern: Plaintiff allegedly created an account, lost free coins, purchased additional coins, wagered those coins, and lost all or substantially all of them. *Id.* ¶¶ 36-38. And its putative class is defined around the same alleged conduct: California residents who "purchased, wagered, and lost coins" on the SpinX platform. *Id.* ¶ 43.

The causes of action also relate to gambling. The UCL unlawful-prong theory alleges that SpinX's platform violates the CLRA and a list of gambling statutes, including the Gambling Control Act, multiple Penal Code provisions governing slot machines and gambling devices, California's lottery statute, the Illegal Gambling Business Act, and the Unlawful Internet Gambling Enforcement Act. *Id.* ¶¶ 52-53. The UCL unfair-prong theory alleges there is "no public utility" to SpinX's "illegal SpinX Gambling Platform," and the UCL fraudulent-prong

theory alleges that SpinX induced Plaintiff and the putative class "to wager money on the illegal SpinX Gambling Platform." *Id.* ¶¶ 54-60.  The CLRA claim alleges that SpinX manipulated games of chance and deceived consumers about rights and obligations supposedly associated with the gambling transactions.  *Id.* ¶¶ 66-74.  The Penal Code section 496(c) claim alleges that SpinX induced Plaintiff to wager money on the "false pretense" that doing so was legal in California.  *Id.* ¶¶ 77-79.  And the unjust-enrichment claim seeks disgorgement of money Plaintiff and the putative class allegedly paid to purchase coins "to wager on Defendant's illegal SpinX Gambling Platform." *Id.* ¶¶ 82-85.

The Complaint includes conclusory references to marketing and omissions, but those allegations do not change the nature of the alleged injury.  Plaintiff does not identify any specific advertisement, statement, speaker, date, medium, or reliance theory.  Instead, although Plaintiff labels his requested remedies in several ways, the alleged injury is that Plaintiff and the putative class bought coins, wagered them on what the Complaint calls an illegal gambling platform, lost money, and now seek to recover or disgorge those losses.

In short, Plaintiff's case is an effort to recover alleged gambling losses.[2]

### 2.    California public policy bars recovery of gambling losses.

California does not allow a plaintiff to recover gambling losses in court.  Its "strong, broad, and long-standing public policy against judicial resolution of civil claims arising out of gambling contracts or transactions" can be traced back "virtually to the inception of statehood." *Kelly*, 72 Cal. App. 4th at 477.  That policy "applies to all forms of gambling, whether legal or illegal." *Id.* at 490.  And it bars claims for monetary relief tied to gambling losses regardless of whether a plaintiff styles that relief as damages, restitution, or another equitable monetary remedy.  *Ochoa v. Zeroo Gravity Games LLC*, No. 22-cv-5896-GW, 2023 WL 4291650, at *4 (C.D. Cal. May 24, 2023) (dismissing illegal-gambling claims to the extent they sought monetary damages or restitution).  Absent "a statutory right to bring such claims, this policy applies both to actions for recovery of gambling losses and actions to enforce gambling debts." *Kelly*, 72 Cal.

---

[2] SpinX disputes that any of the conduct on its platform constitutes gambling under California (or any jurisdiction's) law.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

App. 4th at 471.  The policy persists despite California's legalization of some forms of gambling.[3]  *See Tak Chun Gaming Promotion Co. Ltd. v. Long*, 96 Cal. App. 5th 1027, 1033-37 (2023).  Consistent with that rule, federal courts have dismissed claims seeking "to be placed in the *ex ante* position after losing a bet" at the pleading stage.  *Jamgotchian v. Sci. Games Corp.*, 371 F. App'x 812, 813 (9th Cir. 2010) (affirming dismissal on public policy grounds of claims); *see also Hang Ngoc Lam v. Hawaiian Gardens Casino*, No. 19-cv-3989-DMG, 2020 WL 806655, at *2 (C.D. Cal. Jan. 8, 2020) (dismissing claims under California law where plaintiffs alleged they were fraudulently induced to play baccarat); *Mason v. Mach. Zone, Inc.*, 140 F. Supp. 3d 457, 466 (D. Md. 2015), *aff'd*, 851 F.3d 315 (4th Cir. 2017) (applying California law).

That rule bars Plaintiff's effort to recover money tied to the alleged wagering transactions here.  Plaintiff alleges that he and the putative class purchased coins, wagered them on an illegal gambling platform, lost money, and now seek to recover, restore, rescind, or disgorge money tied to those losses.  *See supra* Section IV.A.1; Compl. ¶¶ 3, 38, 43, 60-63, 82-85.  *Ochoa* confirms that the rule applies in materially similar circumstances: even where plaintiffs claimed to be victims of fraud and "unknowing participants in illegal gambling," their claims for monetary relief were barred because they were "in essence a claim to recover for gambling losses."  2023 WL 4291650, at *4.  The same is true here.

*Kelly* articulates a second basis under California law—*in pari delicto*—as a reason to preclude the recovery of gambling losses in court, which also applies here.  Where the challenged activity is allegedly unlawful gambling, "the illegality of the transaction makes the loser *in pari delicto* with the winner," and "neither courts of law nor courts of equity will aid or assist a plaintiff to recover money lost in a gambling game that is prohibited by law."  *Kelly*, 72 Cal. App. 4th at 490 (applying the doctrine even where the loss resulted from alleged cheating) (quotation marks omitted).  Plaintiff's own allegations place him inside that rule.  He alleges that he created

---

[3] California voters in 2022 rejected Proposition 26, which would have allowed any person or entity to sue over violation of California's gambling laws and recover civil penalties. *See Proposition 26*, Legislative Analyst's Office (Nov. 8, 2022), https://lao.ca.gov/BallotAnalysis/Proposition?number=26&year=2022; *see also California Proposition 26, Legalize Sports Betting on American Indian Lands Initiative*, BallotPedia (2022), https://ballotpedia.org/California_Proposition_26,_Legalize_Sports_Betting_on_American_Indian_Lands_Initiative_(2022).

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

an account, received free coins, lost those coins, purchased more coins, wagered those purchased coins, and lost all or substantially all of them over a four-year period.  Compl. ¶¶ 36-38.  If those transactions were unlawful gambling, Plaintiff was a voluntary participant in the same wagering activity from which he now seeks recovery.

If the transactions alleged in the Complaint were unlawful gambling, California public policy bars Plaintiff from coming to this Court to recover losses from those transactions.  If they were not, the Complaint's premise that SpinX operated an unlawful gambling platform fails and the UCL claim (Count I), Penal Code section 496(c) claim (Count III), and unjust-enrichment claim (Count IV) should be dismissed to the extent they seek monetary relief tied to alleged gambling losses, as SpinX more fully explains below.[4]

### B.    Plaintiff's UCL claim fails.

Plaintiff fails to state a claim under any of the three prongs of the UCL.  The unlawful-prong theory repackages the same gambling theory barred by *Kelly*; the unfair-prong theory recites the words of the governing tests without pleading facts that satisfy them; and the fraudulent-prong theory identifies no specific statement, omission, exposure, or reliance.

#### 1.    The unlawful-prong theory fails.

The UCL's unlawful prong "borrows" violations of other laws and treats them as independently actionable under the UCL.  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (citation omitted).  But if the predicate violation fails, the unlawful-prong theory fails with it.  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

Plaintiff's unlawful-prong theory depends on two categories of predicates.  The first is the CLRA, which fails for the reasons explained below.  Compl. ¶ 52; *infra* Section IV.C.  The rest are gambling predicates: the Gambling Control Act, Penal Code provisions governing slot machines and gambling devices, California's lottery statute, the Illegal Gambling Business Act, and the Unlawful Internet Gambling Enforcement Act.  Compl. ¶ 53.  Plaintiff invokes each of those statutes for the same reason: to characterize SpinX's platform as unlawful gambling and

---

[4] To the extent Plaintiff seeks non-monetary relief, those claims tied to such relief fail in full for the additional reasons set forth below.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

recover money tied to alleged wagering losses. *See id.* ¶¶ 52-63. As explained above, California public policy bars that theory. *See supra* Section IV.A. The UCL does not allow Plaintiff to do indirectly what California public policy forbids directly: enlist the judiciary to recover alleged gambling losses. *See Ochoa*, 2023 WL 4291650, at *4. The unlawful-prong theory should therefore be dismissed to the extent it rests on alleged violations of gambling laws.

### 2. The unfair-prong theory fails.

Courts have articulated several formulations for consumer unfairness, including whether the challenged conduct is tethered to a legislatively declared public policy, whether the harm to consumers outweighs the utility of the practice, and whether the practice causes substantial consumer injury that consumers could not reasonably avoid. *See Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010) and *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009)); *Torres v. Botanic Tonics, LLC*, 709 F. Supp. 3d 856, 858-59, 862-63 (N.D. Cal. 2023) (Chhabria, J.) (citing *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 9 Cal.5th 279, 303 n.10 (2020)). Some courts in this District have dismissed unfair-prong theories where the alleged unfair conduct overlaps entirely with failed unlawful and fraudulent theories. *See, e.g.*, *Hadley* 243 F. Supp. 3d at 1104-05. But even assuming Plaintiff's unfair-prong theory can proceed independently, the Complaint must still plead facts that "clarify what conduct they claim is unfair, or on what allegations in the complaint [they] rely for this claim." *Doe*, 982 F.3d at 1215. Indeed, this Court has dismissed unfair-prong claims on that basis. *See Patterson v. RW Direct, Inc.*, 382 F. Supp. 3d 938, 940 n.1 (N.D. Cal. 2019) (Chhabria, J.).

Whether under the *Hadley* rationale or the type of analysis this Court undertook in *Patterson*, Plaintiff's unfair-prong theory fails. To the extent the theory rests on the same alleged gambling-law violations, any unlawfulness claim fails under *Kelly*, *see supra* Section IV.A, and the generalized deception allegations are insufficient to state a claim under the fraudulent prong, see infra, X. The claim thus fails under *Hadley*. 243 F. Supp. 3d at 1104-05. Nor does Plaintiff assert an independent unfair-prong theory. He alleges only that SpinX's conduct is "substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

unscrupulous," that there is "no public utility" to the platform, and that Plaintiff "could not have reasonably avoided" his alleged injury. Compl. ¶¶ 54-56. Those are conclusions, not facts. *Iqbal*, 556 U.S. at 678-79. The Complaint does not identify which unfairness test Plaintiff invokes, what particular conduct satisfies that test, what factual allegations support any required balancing, what public policy is implicated apart from the same gambling-law theory barred by *Kelly*, or why Plaintiff could not reasonably have avoided the alleged injury. And to the extent Plaintiff's unfairness theory rests on alleged misrepresentations or omissions, it sounds in fraud and fails under Rule 9(b) for the reasons discussed below. The unfair-prong theory should therefore be dismissed.

### 3. The fraudulent-prong theory fails.

With respect to the fraudulent prong, the Complaint fails to satisfy the Rule 8 pleading standard, let alone the Rule 9(b) standard, which applies here. *Kearns*, 567 F.3d at 1125-26. The fraudulent-prong allegations say only that SpinX committed deceptive acts by "inducing Plaintiff and the Class members to wager money on the illegal SpinX Gambling Platform," by using "misleading language," and by "omitting material facts about the true nature" of the platform. Compl. ¶¶ 57-60. The relevant paragraphs identify no specific statement at all: they quote no advertisement, no language from the SpinX platform, no statement in the terms of service, and no other communication that Plaintiff allegedly saw and relied upon. *Id*. Nor do they identify with any specificity what was omitted, when disclosure should have been made, or what duty required SpinX to disclose it. *See id.*[5] This is insufficient to state a claim under the UCL's fraudulent prong. *E.g., Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) (dismissing fraudulent prong of the UCL for failure to allege a duty to disclose). The failure to describe any deceptive statements at all means that this claim is insufficiently pleaded under Rule 9(b). *See Kearns*, 567 F.3d at 1126.

Indeed, the claim fails even under Rule 8, because Plaintiff never alleges that he actually

---

[5] These paragraphs refer to "detail[s] above," Compl. ¶ 57, but, as SpinX has already described, the gravamen of the Complaint is an action about an allegedly unlawful gambling operation, not deceptive marketing, and elsewhere the Complaint contains no specific allegations relating to SpinX's marketing.

9

saw or relied on any particular representation in deciding to create an account, purchase coins, or continue playing. *See id.* This Court dismissed misrepresentation-based claims in *Colvin v. Roblox Corp.* for failing to adequately allege reliance under both Rule 8 and Rule 9(b). 725 F. Supp. 3d 1018, 1027 (N.D. Cal. 2024) (Chhabria, J.). The fraudulent-prong claim should therefore be dismissed.

### C. Plaintiff's CLRA claim fails.

Plaintiff's CLRA claim fails for independent reasons: (1) the alleged transaction does not involve "goods" or "services" covered by the statute; (2) the claim fails under Rule 8 and under Rule 9(b) to the extent it sounds in fraud; and (3) plaintiff lacks standing to pursue the only relief he currently seeks under the CLRA—injunctive relief.

### 1. Plaintiff does not allege a transaction involving "goods" or "services."

The CLRA applies only to practices undertaken "in a transaction intended to result or that results in the sale or lease of goods or services." Cal. Civ. Code § 1770(a). The statute defines "goods" as "tangible chattels" bought or leased for personal use, and "services" as "work, labor, and services for other than a commercial or business use," including services furnished in connection with the sale or repair of goods. *Id.* § 1761(a)-(b). The Complaint alleges that Plaintiff purchased virtual "coins" to use within the SpinX platform. *See* Compl. ¶¶ 23, 26-30, 36-38, 68. But those coins are not tangible chattels or "services" within the meaning of the statute.

This Court has already rejected an attempt to fit virtual coins within the CLRA. In R*eeves v. Niantic, Inc.*, the plaintiffs purchased virtual "PokeCoins" for use in the Pokémon GO app and argued that those purchases qualified as transactions for goods or services under the CLRA. 21-cv-05883-VC, 2022 WL 1769119, at *2 (N.D. Cal. May 31, 2022) (Chhabria, J.). This Court rejected that argument. It held that the coins were not "goods" because they were "not tangible" and were not "certificates that can be exchanged for something tangible." *Id.* Nor could the plaintiffs recharacterize the purchase of virtual coins as a transaction for "services." *Id.* As this Court explained, "[p]erhaps the California Legislature should amend the CLRA to remove the word 'tangible' from the definition of 'goods' so the statute will cover the burgeoning number of

10

transactions in intangible goods. But until that happens, courts should not shoehorn transactions involving the purchase of intangible goods into the definition of 'services.'" *Id.*

That reasoning controls here. Plaintiff alleges that he purchased virtual coins for use inside SpinX's mobile game apps. *See, e.g.*, Compl. ¶ 23. Just like the PokeCoins in *Reeves*, SpinX coins are not tangible chattels. They exist only within a digital game environment. And the Complaint does not allege that SpinX coins are certificates or coupons exchangeable for tangible goods.[6] Rather, the Complaint alleges that coins can be used to access functionality within the apps. *Id.* ¶¶ 25-31. That is the same intangible virtual-currency theory *Reeves* held falls outside the CLRA.

To the extent Plaintiff tries to recast the transaction as one for software or platform access, that theory fails too. *See Ferrington v. McAfee, Inc.*, No. 10–cv–01455–LHK, 2010 WL 3910169, at *18-19 (N.D. Cal. Oct. 5, 2010) (holding that downloaded software is neither a good nor a service covered by the CLRA); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012) (holding that "to the extent [p]laintiffs' allegations are based solely on software, [p]laintiffs do not have a claim under the CLRA"). Because Plaintiff has not alleged a transaction involving "goods" or "services" covered by the CLRA, Count II should be dismissed.

### 2.    The CLRA claim also fails because it does not meet Rule 9's requirements.

Even if Plaintiff had alleged a CLRA-covered transaction, Count II still fails under Rule 8—and under Rule 9(b) to the extent it rests on alleged deception. *See Kearns*, 567 F.3d at 1125-26. The CLRA allegations say only that SpinX manipulated game odds, deceived or confused consumers about "rights, remedies, or obligations" supposedly associated with the alleged gambling transactions, used deceptive representations, advertised goods or services with intent not to sell them as advertised, and caused Plaintiff and the putative class to rely on unspecified "advertisements, representations and/or omissions." Compl. ¶¶ 69-71. Those allegations do not identify any specific advertisement, representation, omission, speaker, date, medium, or reliance theory. Nor do they explain what statement Plaintiff saw before creating an account, purchasing

---

[6] Plaintiff is unable to make any such allegation. SpinX's virtual coins are not exchangeable for tangible goods.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

coins, or continuing to play; what was false about that statement; what specific fact SpinX supposedly omitted; when that fact should have been disclosed; or what duty required disclosure. That is not enough under Rule 8, let alone Rule 9(b).

This Court's decision in *Colvin* confirms the defect.  In *Colvin*, the plaintiffs identified a specific statement in Roblox's terms of service, but this Court still dismissed the misrepresentation-based CLRA claim because the plaintiffs did not allege that they saw or relied on that statement, and their omission theory was not developed enough to satisfy Rule 9(b).  725 F. Supp. 3d at 1027.  Here, Plaintiff identifies no statement at all. Instead, he pleads only the conclusion that he and the putative class "relied on Defendant's advertisements, representations and/or omissions."  Compl. ¶ 71.  Count II should be dismissed for this independent reason.

### 3.    Plaintiff lacks standing to seek injunctive relief under the CLRA.

Plaintiff currently seeks only injunctive relief under that cause of action.[7]  Compl. ¶ 74. He lacks standing to seek injunctive relief.  To have Article III standing to seek prospective relief, a plaintiff must plead a real and immediate threat of future injury, not merely a past injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects."  *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citation omitted); *see also V.R. v. Roblox Corp.*, No. 23-15216, 2023 WL 8821300 (9th Cir. Dec. 21, 2023) (unpublished).  Here, the Complaint alleges past purchases, use, and losses.  Compl. ¶¶ 36-40.  It does not allege that Plaintiff presently plays SpinX games, intends to play again, or faces any actual and imminent threat of future injury.  *See Caldwell v. Nordic Nats., Inc.*, 709 F. Supp. 3d 889, 911 (N.D. Cal. 2024) (dismissing claims for injunctive relief for failing to allege a threat of "similar, future harm").  Count II should be dismissed for this independent reason.

### D.    Plaintiff's Penal Code section 496(c) claim fails.

Even apart from California's public-policy bar on recovery of gambling losses, Count III

---

[7] In the Complaint, Plaintiff represented to the Court that Plaintiff would file an amended complaint that seeks damages under the CLRA.  Compl. ¶ 74.  When SpinX's counsel followed up on this representation, Plaintiff's counsel responded "we will amend the complaint after the pleadings are resolved."  Whatever is contemplated by that approach, it does not promote judicial economy.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

fails because Plaintiff does not plead a theft offense.[8]  Penal Code section 496(c) provides a civil remedy where there has been a violation of section 496(a) or (b).[9]  The elements of a section 496(a) offense are: "(1) The defendant (bought/received/sold/aided in selling/concealed or withheld from its owner/aided in concealing or withholding from its owner) property that had been (stolen/obtained by extortion); [AND] (2) When the defendant (bought/received/sold/aided in selling/concealed or withheld/aided in concealing or withholding) the property, (he/she) knew that the property had been (stolen/obtained by extortion) AND (3) The defendant actually knew of the presence of the property."  CALCRIM No. 1750 (footnote omitted).

Plaintiff does not allege the elements of a section 496(a) offense; indeed, trying to plead a stolen property claim here presents an obvious square peg/round hole problem.  First, no theft offense is pleaded.  Plaintiff fails to explain how SpinX committed a theft; Plaintiff nowhere identifies the elements of a theft offense, nor does Plaintiff explain how SpinX's conduct meets those elements.  The related flaw is that a section 496(a) offense is committee by a third party to the theft; the title of the relevant jury instruction, for example, is "Receiving Stolen Property."  CALCRIM No. 1750.  The gravamen of the Complaint is that SpinX is a wrong-doer, not that it's a third-party that's somehow benefitted from the wrong-doing.  For that reason, Plaintiff fails to allege any kind of indent, let along the correct kind of intent.  A section 496 claim requires facts showing that the defendant acted "not innocently or inadvertently, but with careful planning and deliberation reflecting the requisite criminal intent."  *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 362 (2022).  The Complaint contains no such facts.  It does not plead a specific false pretense, a specific reliance theory, or any nonconclusory facts showing that SpinX intended to commit theft.  And a section 496 claim requires actual knowledge that the property was stolen, not general or constructive knowledge.  *May v. Google LLC*, No. 24-cv-01314-BLF, 2026 WL 788376, at *15; *cf. RSB Vineyards, LLC v. Orsi*, 15 Cal. App. 5th 1089, 1098 (2017) ("Only where the circumstances are such that the defendant 'must have known' and not 'should have

---

[8] The Rule 9(b) pleading standard applies here. *Boulton v. Am. Transfer Servs., Inc.*, 2015 WL 2097807, at *3 (S.D. Cal. May 5, 2015).

[9] Subdivision (b) applies only to swap meet vendors and their employees.

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723

known' will an inference of actual knowledge be permitted.") (citation omitted).  The Complaint alleges no such facts.

### E.    Plaintiff's unjust-enrichment claim fails.

Plaintiff's unjust-enrichment claim also fails under Rule 12(b)(6).  "California does not recognize a separate cause of action for unjust enrichment."  *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132-33 (N.D. Cal. 2020) (collecting California and federal cases); *see also Abuelhawa v. Santa Clara Univ.,* 529 F. Supp. 3d 1059, 1070-72 (N.D. Cal. 2021) (dismissing the plaintiffs' unjust enrichment claim with prejudice).  At most, unjust enrichment is a principle that may support restitution where the facts otherwise justify quasi-contract relief.  *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003).  Federal courts therefore sometimes construe unjust-enrichment claims as quasi-contract claims seeking restitution.  *See ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).  But that construction does not save Count IV.

Count IV fails to plead any independent basis for restitution and is therefore just a claim for the same gambling-loss theory shown above to be barred by California public policy.  *See supra* Section IV.A.  It identifies no transaction, benefit, or unjust conduct separate from the alleged gambling transactions addressed above.  It also does not plead a specific misrepresentation, reliance theory, or theft mechanism that could transform the alleged losses into something other than gambling losses.  Moreover, to the extent Plaintiff's relationship with SpinX was governed by the Terms of Service and associated platform terms—as SpinX's concurrently filed motion to compel arbitration explains—the unjust enrichment claim cannot proceed as a quasi-contract theory covering the same subject matter.  *See Rutherford Holdings*, 223 Cal. App. 4th at 231.  Accordingly, Count IV should be dismissed.

## V.    CONCLUSION

Because the Court should grant SpinX's motion to compel arbitration, it need not resolve this motion.  But if the Court takes up this motion, it should grant it in full, as Plaintiff's claims are barred by California law and Plaintiff fails to state a claim upon which relief can be granted.

6042723

Dated:  May 18, 2026

KEKER, VAN NEST & PETERS LLP

By:    /s/ Matan Shacham
MICHELLE YBARRA
MATAN SHACHAM
TRAVIS SILVA
LIAM BROWN
CATHERINA Y. XU

Attorneys for Defendant SPINX GAMES, LTD.

15

DEFENDANT SPINX'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
Case No. 3:26-cv-01010-VC

6042723